IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE REYES DE LA ROSA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-8203** |
| | : | |
| **WARDEN J. L. JAMISON, JOHN E. RIFE, SECRETARY MARKWAYNE MULLIN, U.S. DEPARTMENT OF HOMELAND SECURITY** | : | |

# ORDER

**AND NOW**, this 29th day of October 2026, upon considering an incarcerated man's Petition for habeas corpus (ECF 1) seeking release from custody at the Federal Detention Center Philadelphia after residing in the United States for over fifteen years, Respondents' Answer (ECF 5) opposing release with no novel arguments instead choosing to "preserve their [existing] arguments for appeal" but not showing Respondents afforded Petitioner notice and an opportunity to demonstrate a pre-bond hearing release would not pose a danger to property or persons and Petitioner is likely to appear for an as-yet unscheduled bond hearing or other proceedings, it is **ORDERED** we **GRANT** the Petition for habeas corpus (ECF 1) requiring we order:

1. Petitioner Jose Reyes de la Rosa is not today subject to detention under 8 U.S.C. § 1226(a) without Respondents showing they afforded Petitioner pre-custodial notice of his ability to demonstrate he would not pose a danger to property or persons and Petitioner is likely to appear for future proceedings;

2. Respondents shall **forthwith** release Jose Reyes de la Rosa from federal custody no later than **3:00 PM EDT** on **October 29, 2026** and shall confirm their strict compliance with today's Order through a Certification of Respondents' counsel filed no later than **6:00 PM EDT** on **October 30, 2026**;

3. Respondents are temporarily enjoined from re-detaining Petitioner until no earlier than **November 12, 2026** and should Respondents choose to pursue re-detention before a bond hearing under section 1226(a), they must first provide Petitioner: 1) notice and an opportunity to demonstrate release would not pose a danger to property or persons and Petitioner is likely to appear for any future proceedings; 2) identify their determination of this threshold question in their detainer documents to confirm their compliance with governing Regulations; and 3) if requested, schedule a bond hearing at which a neutral immigration judge will determine whether detention is then warranted pending resolution of those removal proceedings; and,

4. The Clerk of Court **CLOSE** this case.[1]

**KEARNEY, J.**

[1] Immigration and Customs Enforcement arrested Jose Reyes de la Rosa and detained him while shopping at Lowes and getting into his car. ECF 1 ¶ 18. Respondents claim to have detained Mr. Reyes de la Rosa because he is a "known ICE target" under 8 U.S.C. § 1226(a). ECF 5 at 1. Mr. Reyes de la Rosa has resided in Montgomery County for over fifteen years. ECF 1 at ¶ 17. He has four children. *Id.* His youngest child has severe autism requiring his wife to stay home to take care of the child. *Id.* Mr. Reyes de la Rosa owns his own drywall business. *Id.* He has diabetes and takes seven different medications for it. *Id.* Mr. Reyes de la Rosa's asylum application remains pending. *Id.*

Mr. Reyes de la Rosa petitions for habeas relief urging the Respondents' exercise of discretion in detaining him (absent further proof) violates the Constitution and 8 C.F.R. § 236.1. ECF 1. He argues his warrantless arrest violates his Due Process rights. *Id.* at 8–11. He argues ICE did not perform an individualized custody determination before they arrested and detained him. *Id.* at 11–16. He also argues Respondents violate the *Accardi* doctrine by detaining him. *Id.* at 24 ("The *Accardi* doctrine holds that government agencies are bound to follow their own rules, even self-imposed procedural rules that limit otherwise discretionary decisions.") (citing *U.S. ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954)). He lastly argues ICE detained him before the adjudication of his asylum application and denied his right to an affirmative asylum interview with an asylum officer. *Id.* at 25. Respondents oppose Mr. Reyes de la Rosa's release but concede "this matter generally presents questions of law regarding detention under § 1226(a) and due process that are substantially the same as ones this Court addressed in *Alatoom v. Rife*, No. 26-cv-7178, 2026 WL

3073229 (E.D. Pa. Sept. 22, 2026). ECF 5 at 2. Respondents incorporate their earlier arguments while acknowledging we and some of our colleagues rejected their arguments. *Id.*

Respondents must afford Mr. Reyes de la Rosa a bond hearing before an Immigration Judge. *I.K. v. Jamison*, No. 26-3719, Order (ECF 10) (E.D. Pa. June 9, 2026) (Diamond, J.). Mr. Reyes de la Rosa requested an Immigration Judge review his custody determination when Respondents detained him. ECF 5-4. Respondents report they have not yet scheduled the time and place of a bond hearing for Mr. Reyes de la Rosa before an Immigration Judge. ECF 5 at 2 n.1. They report a hearing "should soon be scheduled for the immigration court in Elizabeth, New Jersey." *Id.* at 2.

They assert this hearing cannot occur as long as Mr. Reyes de la Rosa remains detained at the FDC under our October 27, 2026 Order (ECF 2) enjoining his transfer from our District. But Respondents misread our Order. We enjoined Mr. Reyes de la Rosa's transfer from our District "unless it is to facilitate [Mr. Reyes de la Rosa's] appearance in front of an Immigration Judge for a bond hearing." ECF 2. This Order moots this concern requiring he shall be released today and then, if re-detained consistent with this Order, he may be transferred for a scheduled bond hearing.

A bond hearing will address Mr. Reyes de la Rosa's custody. And we agree with our colleagues as to his need to exhaust administrative remedies if an Immigration Judge detains him after considering the evidence at a bond hearing.

We face a different question. The question before us today is what process Respondents owe Mr. Reyes de la Rosa before depriving him of liberty subject to a later (as yet unscheduled) bond hearing including whether this type of pre-hearing custody without giving notice of his ability to show grounds to avoid custody is consistent with Respondents' discretion to detain him pending his bond hearing. Respondents argue neither Congress in section 1226(a) nor the regulations issued thereunder afford some form of pre-seizure determination before custody. We agree in part; Congress did not specifically identify the need for a pre-deprivation liberty determination in section 1226(a). But the regulations governing Respondents' discretion under section 1226(a) afford Mr. Reyes de la Rosa the opportunity to demonstrate "release would not pose a danger to property or persons" and Mr. Reyes de la Rosa "is likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). Respondents do not address how we are to ignore these regulations. Respondents instead argue the only reference to dangerousness and flight risk in these regulations "relates to the post-deprivation process" where Mr. Reyes de la Rosa must demonstrate grounds to avoid custody. ECF 5 at 8–9. Respondents simply argue the process of exhaustion after a bond hearing. Under Respondents' view, they can place a person in custody without the findings set in the regulation and Mr. Reyes de la Rosa can later argue for release.

We recognize our colleagues differ on the due process rights before a bond hearing when the Respondents exercise discretion under section 1226(a). Judge Diamond denied a Petition for habeas relief when Petitioner challenged detention under section 1226(a), and an Immigration Judge scheduled a bond hearing for eleven days after Immigration and Customs Enforcement (ICE) detained Petitioner. *I.K.*, No. 26-3719 at Order (ECF 10). Judge Diamond found Petitioner had not exhausted his administrative remedies. *Id.* And some of our colleagues have denied Petitions for habeas relief under similar facts. *See, e.g.*, *Sanchez v. J.L. Jamison*, No. 26-7938, 2026 WL 3218606 (E.D. Pa. Oct. 27, 2026) (Kenney, J.); *Vakhtangadze v. J.L. Jamison, et al.*,

No. 26-6630, 2026 WL 2969613 (E.D. Pa. Oct. 2, 2026) (Pozos, J.); *Kumar v. Phila. Fed. Det. Ctr., et al.*, No. 26-6689, 2026 WL 2836549 (E.D. Pa. Sep. 21, 2026) (Kenney, J.); *Piatukho v. Jamison, et al.*, No. 26-6413, 2026 WL 2719267 (E.D. Pa. Sep. 15, 2026) (Leeson, J.).

We and several of our colleagues disagree finding Congress did not authorize pre-bond hearing detention without an individualized determination of the individual's flight risk or danger to the community under section 1226(a). *See Araujo v. Officer in Charge ICE, et al.*, No. 26-6974, 2026 WL 3206909 (E.D. Pa. Oct. 26, 2026) (Bartle, J.); *Sanchez Patino v. Jamison, et al.*, No. 26-7934, 2026 WL 3153089 (E.D. Pa. Oct. 21, 2020) (Scott, J.); *Lursmanashvili v. Jamison, et al.*, No. 26-7716, 2026 WL 3123167 (E.D. Pa. Oct. 19, 2026) (Henry, J.); *Filiberto Espinoza Huerta v. Mullin, et al.*, No. 26-7845, 2026 WL 3217165 (E.D. Pa. Oct. 17, 2026 (Henry, J.); *Tenezaca-Bacacela v. Jamison, et al.*, No. 26-7617 at Order (ECF 10) (E.D. Pa. Oct. 16, 2026) (Schmehl, J.); *Hernandez Ojeda v. Jamison, et al.*, No. 26-7628, 2026 WL 3074934 (E.D. Pa. Oct. 14, 2026) (Sánchez, J.); *Hernandez v. Jamison, et al.*, No. 26-7606, 2026 WL 3034460 (E.D. Pa. Oct. 9, 2026) (Beetlestone, C.J.); *Camara v. Jamison, et al.*, No. 26-6552, 2026 WL 3034346 (E.D. Pa. Oct. 8, 2026 (Hodge, J.); *Laphachi v. Jamison*, No. 26-7211, 2026 WL 2959610 (E.D. Pa. Oct. 1, 2026) (Sánchez, J.); *Torres Guevara v. Warden of Fed. Det. Ctr. Philadelphia*, No. 26-7077, 2026 WL 2838542 (E.D. Pa. Sept. 22, 2026) (Savage, J.); *Alatoom v. Rife, et al.*, No. 26-7178, 2026 WL 3073229 (Sep. 22, 2026) (Kearney, J.); *Perez Angeles v. Mullin, et al.*, No. 26-7167, 2026 WL 3041377 (Sep. 22, 2026) (Kearney, J.); *Regalado-Nauta v. Jamison*, No. 26-6834, 2026 WL 2740528, at *3–5 (E.D. Pa. Sep 16, 2026) (Beetlestone, C.J.); *Winniber De Los Santos Medina, v. J.L. Jamison, et al.*, No. 26-6800, 2026 WL 2742071, (E.D. Pa. Sept. 16, 2026) (Rufe, J.) *Dos Reis v. McShane*, No. 26-3775, 2026 WL 1746649, at *4–5 (E.D. Pa. June 17, 2026) (Sánchez, J.).

Chief Judge Beetlestone granted habeas relief finding detention under section 1226(a) is discretionary and the United States had not made an individualized bond determination. *Regalado-Nauta v. Jamison*, No. 26-6834, 2026 WL 2740528, at *3–5 (E.D. Pa. Sep 16, 2026). Chief Judge Beetlestone focused, along with Judge Sánchez in an earlier case, on the lack of criminal history or dangerousness concern consistent with 8 C.F.R. § 1236.1(c)(8). The United States argues this analysis is inappropriate under a section 1226(a) discretionary abstention; it argues neither Congress nor the administrative agencies require a finding of dangerousness on an individual basis under section 1226(a). ECF 5 at 8–9. The petitioner before Chief Judge Beetlestone (like Mr. Reyes de la Rosa) seemingly had no criminal history. *Regalado-Nauta*, 2026 WL 2740528, at *3–5. Judge Sánchez similarly granted a Petition for habeas relief finding the facts before him "bereft of a reasoned finding that Petitioner is dangerous or a flight risk, or unsuitable for conditions short of detention." *Dos Reis v. McShane*, No. 26-3775, 2026 WL 1746649, at *4–5 (E.D. Pa. June 17, 2026).

Judge Rufe likewise granted habeas relief under section 1226(a) when the United States did not provide a habeas petitioner with an individualized custody determination or an opportunity to be heard before his section 1226(a) bond hearing. *Winniber De Los Santos Medina, v. J.L. Jamison, et al.*, No. 26-6800, 2026 WL 2742071, at *1 (E.D. Pa. Sept. 16, 2026). Judge Rufe explained before the United States exercises discretion to detain a non-citizen it must make an individualized custody determination regarding "whether the non-citizen is a danger to property or persons and is likely to appear for any future proceedings." *Id.* at *4. The United States cannot exercise discretion and detain a non-citizen based solely on immigration status. *Id.* at *5. Judge Rufe next

reviewed the Supreme Court's three factor analysis from *Mathews v. Eldridge* finding the United States did not meet its obligation to provide petitioner procedural due process. *Id.* at 4 (citing *Mathews v. Eldrige*, 424 U.S. 319, 334 (1976)).

We are also guided by Judge Ho's earlier analysis in *Lopez Benitez v. Francis*. 795 F.Supp.3d 475, 492–495 (S.D.N.Y. 2025). Judge Ho explained reading section 1226(a) as Congress requiring the United States to make an individualized assessment "is the only way to make sense of the broader statutory and regulatory scheme" for two reasons: 1) it does not make sense to provide individuals an opportunity to challenge their detention before an immigration judge unless detention is based on an individualized assessment of dangerousness or flight risk; and 2) Congress's carve out in section 1226(c) for disfavored [criminal] non-citizens is unnecessary if it authorizes under section 1226(a) the categorical detention of any non-citizen. *Id.* at 493–94.

Mr. Reyes de la Rosa's detention today before a bond hearing process cannot withstand due process scrutiny on the record before us. Mr. Reyes de la Rosa has the right to demonstrate to the immigration officer issuing the warrant his release does not pose a danger to property or persons and he is likely to appear for any future proceedings. We, like Judge Rufe, reviewed the Supreme Court's *Mathews* factors and find procedural due process requires, at a minimum, the United States provide Mr. Reyes de la Rosa with notice of this right to demonstrate grounds for his release pending a bond hearing and then exercise discretion after hearing from Mr. Reyes de la Rosa. Respondents can then provide their notice of this right and their findings before custody. We would then face a closer question on due process.

We have no basis to today find Respondents offered this notice and will not substitute our judgment on these findings for the officer issuing the warrant based on the limited information before us. The record is devoid of evidence Respondents determined Mr. Reyes de la Rosa's flight risk or danger to the community before detaining him as required. Respondents present Mr. Reyes de la Rosa's Form I-213 Record of Deportable Inadmissible Alien suggesting they detained him during "targeted enforcement" and Mr. Reyes de la Rosa is an "ICE target." ECF 5-1 at 3. They present Form I-200, the warrant for Mr. Reyes de la Rosa's arrest, suggesting they arrested him based on his immigration status. ECF 5-2. And the Form I-286 Notice of Custody Determination simply reflects Respondents detained Mr. Reyes de la Rosa without an explanation. None of Respondents' presented evidence includes an individualized assessment of Mr. Reyes de la Rosa's flight risk or danger to the community.